GRIFFIS, P.J.,
dissenting:
¶ 13. I disagree with the majority’s decision to dismiss this case for lack of juris *279 diction. Because I consider the judgment to be final and appealable, I would address the merits of this appeal. I therefore respectfully dissent.
¶ 14. The majority finds that the chancellor’s “Final Order Disposing of Assets and Liabilities,” dated October 23, 2012, was not a final judgment because the issue of attorney’s fees had not been decided. In paragraph 6, the chancellor ruled:
The Court further finds that the record shall remain open for Lori Lynn New-son to present an itemized statement for her attorney’s fees which shall be marked as the final exhibit in the record upon presentation of said bill[;] the Court will determine whether attorney's] fees will be awarded taking into consideration the facts set forth in McKee.
¶ 15. I am of the opinion that Lori has abandoned her claim for attorney’s fees. She did not bring the matter to the attention to the chancellor in a timely manner. Her failure to bring the issue of attorney’s fees to the chancellor’s attention should not allow her to delay Anthony’s appeal.
¶ 16. This case was heard by the chancellor over several days: April 14, 2010; August 16, 2010; April 5, 2011; and September 11, 2012. At the September 11, 2012 hearing, the following exchange occurred:
Lori’s Counsel: And then also I would like to reserve the right to submit my attorney’s fees to the Court for consideration based on my time that has accrued since our last contempt order.
Court: You may need to do that.... What I’ll do is leave the record open and allow you to make that as your final exhibit....
¶ 17. The record includes a letter, dated September 24, 2012, from Lori’s counsel that is addressed to Lori. This letter contains an itemization of attorney’s fees and expenses incurred, and the total amount is $6,642.19. The exhibit sticker indicates that it was “submitted 9/26/12.”[4]
¶ 18. Thereafter, on October 23, 2012, the chancellor entered the “Final Order Disposing of Assets and Liabilities.” It was prepared and submitted by Lori’s counsel, and it did not include a ruling on attorney’s fees even though the information had been submitted to the chancellor. Certainly, when the order was submitted, counsel could have included a blank for the chancellor to award attorney’s fees. Instead, the order submitted did not address attorney’s fees except to leave the record open.
¶ 19. Under Mississippi Rule of Civil Procedure 59(e), Lori should have filed a motion to alter or amend the judgment, which must have been filed within ten days. Lori did not. As a result, I would find that she abandoned this claim because she failed to present it to the chancellor in a timely and proper manner.
¶ 20. In addition, after the October 23, 2012 order, this matter came before the chancellor on two different matters, and neither time did Lori’s counsel ask the chancellor to decide the issue of attorney’s fees. On October 31, 2012, Lori filed a petition to authorize the clerk to execute a quitclaim deed. The next day, Anthony filed a motion for reconsideration and to set aside the judgment. Then, on November 8, 2012, the chancellor executed an order that authorized the clerk to execute a quitclaim deed. Later, on December 10, 2012, Lori filed her response to the motion *280 for reconsideration and to set aside the judgment. Lori did not bring the issue of attorney’s fees to the chancellor’s attention during any of these opportunities.
¶ 21. On January 10, 2013, the chancellor held a hearing and entered an order that denied the motion for reconsideration and to set aside the judgment. There is no transcript of that hearing. However, at that point, it appeared that this litigation was concluded before the chancellor. There was nothing in the order denying the motion for reconsideration to indicate that Lori presented her attorney’s fee request to the chancellor. On February 6, 2013, Anthony served his notice of appeal.
¶22. I find that Lori abandoned her claim for attorney’s fees when she failed to file a Rule 59(e) motion that requested an award of attorney’s fees within ten days of the October 23, 2012 order. I am of the opinion that this court has jurisdiction of the appeal and should consider the merits of the appeal, based on the judgment entered. I would not remand this case and give Lori a second bite at the apple to receive an award of attorney’s fees.
¶ 23. In addition, I am concerned that the majority’s ruling would allow Lori, the prevailing party before the chancellor and the appellee, to control when Anthony, the losing party before the chancellor and the appellant, may be able to pursue an appeal. Such should not be the case.
¶ 24. Finally, I am concerned with the manner in which the chancellor allowed the issue to be considered. The chancellor declared “that the record shall remain open” for a party to file evidence. That is not how courts in this state should admit evidence. Evidence must be admitted under the Mississippi Rules of Evidence. There is no rule that allows what the chancellor attempted to do here.
¶ 25. Lori could have presented her itemized statement of attorney’s fees through either her testimony or the testimony of her counsel. Next, she could have asked the chancellor to recess the hearing and continue it to another date to allow the presentation of evidence of attorney’s fees. Finally, Lori could have filed a motion to alter or amend the judgment under Rule 59(e), which requires the motion be filed within ten days. She did none of these three.
¶ 26. There is simply no legal authority for the chancellor to do what he tried to do here. Even without Anthony’s objection at trial, I will not agree to sanction such action that amends the rules of evidence by case decision.
ROBERTS AND FAIR, JJ„ JOIN THIS OPINION.

. However, the clerk’s docket does not include a separate entry on September 26 to indicate that this letter was in fact filed.